UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-5250 FMO (GJSx) | Date | December 28, 2018 |
|---|---|---|---|
| Title | Maria Solange Ferrarini v. Ipek Irgit, et al. | | |

Present: The Honorable    Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None Present |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    (In Chambers) Order re: Motion to Dismiss or Transfer [13]

Having reviewed and considered all the briefing filed with respect to defendants' Motion to Dismiss 1) For Lack of Personal Jurisdiction; 2) For Failure to State A Claim Upon Which Relief Can Be Granted; and 3) In the Alternative, to Transfer Venue to the Southern District of New York., (Dkt. 13, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

**BACKGROUND**

On June 13, 2018, plaintiff Maria Solange Ferrarini ("plaintiff") filed a Complaint against defendants Ipek Irgit ("Irgit") and Kiini, LLC ("Kiini"), (collectively, "defendants"), asserting one cause of action for violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq. Plaintiff, a citizen and resident of Brazil, alleges that Irgit is "a resident of the State of New York." (Dkt. 1, Complaint at ¶¶ 4-5). Plaintiff further alleges that Kiini "is a New York limited liability company, which markets, distributes, and sells swimsuits through its website, kiini.com . . . and through third-party retailers around the world, including many in the Central District of California" and that "[d]uring its commission of a substantial part of the acts giving rise to the claims in this action, Kiini's principal sales and showroom was in the Los Angeles Cooper Design Space located at 860 S. Los Angeles Street, Suite 824, Los Angeles, California 90014." (Id. at ¶ 6).

At the center of this dispute is a piece of swimwear – a crocheted bikini featuring colorful contrast border stitching which plaintiff alleges she created in 1998 and sells on the beaches of Trancoso, Bahia in Brazil ("Ferrarini Bikini"). (See Dkt. 1, Complaint at ¶¶ 7-8). The Ferrarini Bikini gained international exposure in 2012 when British model Kelly Brook was photographed wearing the bikini. (See id. at ¶ 9). During that same year, Irgit had traveled to Brazil and purchased a Ferrarini Bikini from plaintiff. (See id. at ¶ 10).

Plaintiff alleges that Irgit then took photographs and measurements of the bikini and sent that information to a Chinese factory to produce a similar bikini. (See Complaint at ¶ 11). Subsequently, Irgit submitted an image of her bikini to the United States Copyright Office

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-5250 FMO (GJSx) | Date | December 28, 2018 |
|---|---|---|---|
| Title | Maria Solange Ferrarini v. Ipek Irgit, et al. | | |

requesting that it be registered as an original work of art, and on December 18, 2014, received Registration Certificate No. VA 1-943-361.  (See Dkt. 1, Complaint at ¶¶ 17-19).  Plaintiff alleges, among other things, that Irgit committed fraud by identifying herself as the original and sole creator of the Ferrarini Bikini, and bases her UCL claim upon violations of both state law (Cal. Civ. Code §§ 1572, 1573, 1709-1711 & 1770) and federal law (18 U.S.C. §§ 1341 & 1343).  (See id. at ¶ 24-27).

**DISCUSSION**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).  "This provision gives a district court broad discretion to transfer a case to another district where venue is also proper." Amini Innovation Corp. v. JS Imports, Inc., 497 F.Supp.2d 1093, 1108 (C.D. Cal. 2007); Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir.), cert. denied, 531 U.S. 928 (2000) (internal quotation marks omitted) ("Under § 1404(a), the district court has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness.").  "The purpose of § 1404(a) is to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Metz v. United States Life Ins. Co., 674 F.Supp.2d 1141, 1145 (C.D. Cal. 2009) (internal quotation marks omitted).

A court may transfer a case pursuant to 28 U.S.C. § 1404(a) without deciding whether the court has personal jurisdiction over a defendant or whether venue is proper.  See Microsoft Corp. v. Hagen, 2010 WL 11527312, *1 (E.D. Cal. 2010) ("The court need not determine whether there is personal jurisdiction or proper venue in the Eastern District of California."); Lozano v. Giovino, 2015 WL 5023003, *3 n. 3 (E.D. Cal. 2015) (court "need not decide whether it has personal jurisdiction over a case before transferring it under 28 U.S.C. § 1404(a)").  The court will therefore first determine whether this case should be transferred for the convenience of the parties, witnesses, and in the interests of justice under § 1404.

"Analysis under § 1404 is two-fold.  First, the defendant must establish that the matter might have been brought in the district to which transfer is sought.  This includes demonstrating that subject matter jurisdiction, personal jurisdiction, and venue would have been proper if the plaintiff had filed the action in the district to which transfer is sought." Metz, 674 F.Supp.2d at 1145 (internal citation and quotation marks omitted).  Under the relevant venue statute, a civil action may be brought in any district in which (1) "any defendant resides, if all defendants are residents of the State in which the district is located;" (2) "a substantial part of the events or omissions giving rise to the claim occurred[;]" or, (3) if no venue meets the first two requirements, "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. §1391(b)(1)-(3).

Here, plaintiff does not dispute that this case could have been brought in the Southern

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-5250 FMO (GJSx) | Date | December 28, 2018 |
|---|---|---|---|
| Title | Maria Solange Ferrarini v. Ipek Irgit, et al. | | |

District of New York.  (See, generally, Dkt. 19, Opposition ("Opp.")).  Thus, defendants have "satisfied the first prong of 28 U.S.C. § 1404(a), and the Court will proceed to assess the convenience and fairness factors."  Park v. Dole Fresh Vegetables, Inc., 964 F.Supp.2d 1088, 1093 (N.D. Cal. 2013); see Hendricks v. StarKist Co., 2014 WL 1245880, *2 (N.D. Cal. 2014) (plaintiff did not dispute defendant's showing regarding whether transferee district was one where action might have been brought and court proceeded to only examine convenience and fairness factors).

Next, the court weighs various factors of convenience and fairness.  See Jones, 211 F.3d at 498.  While there is no definitive list, courts typically look to some or all of the following factors to determine whether transfer to the alternative forum is proper: (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the ease of access to the evidence; (5) the familiarity of each forum with the applicable law; (6) the feasibility of consolidation of other claims; (7) any local interest in the controversy; (8) the relative court congestion in each forum; and (9) the availability of compulsory process.  See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir.1986); Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex., 571 U.S. 49, 62 n. 6, 134 S.Ct. 568, 581 n. 6 (2013) (describing "[f]actors relating to the parties' private interests" and "[p]ublic-interest factors" for a court to consider in determining whether to transfer an action); Jones, 211 F.3d at 498-99 (same).  "The burden is on the party seeking transfer to show that when these factors are applied, the balance of convenience clearly favors transfer."  Lax v. Toyota Motor Corp., 65 F.Supp.3d 772, 776 (N.D. Cal. 2014) (citing Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979)).

As an initial matter, the court examines both "the nature of the plaintiff's claims and the acts or omissions underlying those claims."  Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d 1153, 1166 (10th Cir. 2010).  Defendants argue that plaintiff's lack of a substantial connection to California favors transfer to the Southern District of New York.  (See Dkt. 13, Motion at 16-18). Here, plaintiff is a Brazilian citizen with no ties or connections to California other than the instant action.  (See, generally, Dkt. 1, Complaint; Dkt. 19, Opp.).  It also appears that there is no forum in the United States that plaintiff could deem as her "home" forum.  (See, generally, id.); cf. Ayco Farms, Inc. v. Ochoa, 862 F.3d 945, 950 (9th Cir. 2017) ("A U.S. citizen plaintiff is entitled to less deference in [her] choice of forum if [she] does not reside in that forum.").

In defense of her choice of forum, plaintiff points to Irgit's frequent travels to California for "both business and pleasure" and Irgit's selection of the Central District as the "preferred forum" in the suit Irgit and Kiini filed against Victoria's Secret in October 2015, KIINI LLC v. Victoria's Secret Stores Brand Management, Inc., Case No. CV 15-8433 FMO (GJSx) (Dkt. 19, Opp. at 2).  Plaintiff's assertions are unpersuasive.

"Under [federal] law, foreign plaintiffs are entitled to less deference than are plaintiffs who file suit in their home forums."  Vivendi SA v. T-Mobile USA Inc., 586 F.3d 689, 693 (9th Cir. 2009).  As the Supreme Court has stated:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-5250 FMO (GJSx) | Date | December 28, 2018 |
|---|---|---|---|
| Title | Maria Solange Ferrarini v. Ipek Irgit, et al. | | |

> When the home forum has been chosen, it is reasonable to assume that this choice is convenient. When the plaintiff is foreign, however, this assumption is much less reasonable. Because the central purpose of any forum non conveniens inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference.

Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56, 102 S.Ct. 252, 266 (1981) ("Piper Aircraft"). The Piper Aircraft Court reasoned that otherwise, "[t]he American courts, which are already extremely attractive to foreign plaintiffs, would become even more attractive. The flow of litigation into the United States would increase and further congest already crowded courts." 454 U.S. at 252, 102 S. Ct. at 264.

"If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration." Pac. Car & Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968); see In re Ferrero Litig., 768 F.Supp.2d 1074, 1079 (S.D. Cal. 2011) (courts may "consider the facts of the case in determining how much deference to give the plaintiff's choice" including where "the operative facts occurred") (internal quotation marks omitted); Rubio v. Monsanto Co., 181 F.Supp.3d 746, 766 (C.D. Cal. 2016) (same). Here, relying on the Victoria's Secret case, plaintiff asserts that her "claim for violations of California's Business & Professions Code would not have arisen but for Kiini and Irgit's conduct within the State of California." (Dkt. 19, Opp. at 5) (referring to the Victoria's Secret case). The court is unpersuaded, for the gravamen of plaintiff's action is that "Irgit traveled to Trancoso and bought a Ferrarini Bikini from Ferrarini herself[,]" misappropriated the Ferrarini Bikini's distinctive design by passing it off as her own creation, and then commercialized on it. (See Dkt. 1, Complaint at ¶¶ 10-16). Plaintiff does not allege that any of these essential facts concerning the original "but for" cause from which liability flows – the subsequent misappropriation of the Ferrarini Bikini – occurred in California. (See, generally, id.); see also Paroline v. United States, 572 U.S. 434, 449-50, 134 S.Ct. 1710, 1722 (2014) ("The traditional way to prove that one event was a factual cause of another is to show that the latter would not have occurred 'but for' the former."). Whatever potential UCL injury arose from the Victoria's Secret case remains dependent upon the predicate misappropriation and not from the choice of the Central District as a forum to host the prior litigation.

In short, because the "operative facts[,]" Pac. Car & Foundry Co., 403 F.2d at 954, did not occur in this district, deference to plaintiff's choice of forum is "substantially reduced[.]" Williams, 157 F.Supp. at 1106; see, e.g., Partney Constr., Inc. v. Ducks Unlimited, Inc., 2008 WL 4838849, *3 (D. Or. 2008) (finding for purposes of § 1404 that operative facts occurred in Nevada when complaint "reveal[ed] that all of the conduct giving rise to [plaintiff's] breach of contract . . . claims occurred at the job site in Nevada"); Nexsun Corp. v. Condo, 2010 WL 11519872, *3 (C.D. Cal. 2010) (deference to plaintiff's choice of forum diminished where the only connection to California was plaintiff's residency and the negotiation and breach occurred in Florida); Rubio, 181 F.Supp.3d at 762 (because "the great majority of the operative facts" occurred in a different district, this factor weighed in favor of transfer).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-5250 FMO (GJSx) | Date | December 28, 2018 |
|---|---|---|---|
| Title | Maria Solange Ferrarini v. Ipek Irgit, et al. | | |

The court next considers the convenience of the parties. As previously noted, plaintiff is a Brazilian citizen who seeks to avail herself of an American judicial forum. In support of this factor, plaintiff asserts, in a conclusory manner, that the Central District "offers Plaintiff the most convenient and effective relief as well as the most efficient judicial resolution of the controversy." (See Dkt. 19, Opp. at 7). Defendants, on the other hand, assert that it would be significantly more convenient for them to litigate in the Southern District of New York. (See Dkt. 13, Motion at 21-22) ("Defendant Irgit lives, and operates Kiini from offices located, in New York City. . . . She will be inconvenienced by having to travel across the country to defend a case that has no connection to California but, rather, is premised upon conduct that took place in Brazil and New York."); (Dkt. 13-1, Irgit Decl. at ¶¶ 1-4, 8, 15-17). Plaintiff's Opposition does not challenge these assertions. (See, generally, Dkt. 19, Opp.). In short, the court finds that this factor weighs in favor of transfer.

As for the convenience of the witnesses and ease of access to evidence, only two potential witnesses have been identified thus far, and both are New York residents. (See Dkt. 31, Joint Rule 26(f) Report at 3-4; Dkt. 13, Motion at 22). As defendants note, "[these] potential witness[es] . . . will be subject to process in New York and those individuals and entities with whom Kiini does business in New York will be subject to process issued by the federal district court in New York." (Dkt. 13, Motion at 23). Also, all of Kiini's books and records are located in New York. (Dkt. 13, Motion at 22). Again, plaintiff fails to respond to either of these factors. (See, generally, Dkt. 19, Opp.). In short, the court concludes these factors weigh in favor of transfer.

The local interest of the Southern District of New York in this case likewise favors transfer because New York is where some of the operative facts occurred (whereas none of the operative facts occurred in California) and where all of the defendants and potential witnesses are located. (See Dkt. 13, Motion at 21-22). Plaintiff's Opposition sets forth no arguments in this regard. (See, generally, Dkt. 19, Opp.). Therefore, the court finds this factor also weighs in favor of transfer.

As for familiarity with governing law, defendants contend that the "U.S. District Court for the Southern District of New York is perfectly capable of applying . . . California law." (Dkt. 13, Motion at 22). While this court may be more familiar with California law than a New York court, "it is also true that other federal courts are fully capable of applying California law." GLT Technovations, LLC v. Fownes Bros. & Co., 2012 WL 1380338, *6 (N.D. Cal. 2012) (internal citation and quotation marks omitted); see Metz, 674 F.Supp.2d at 1148 ("Judges in each jurisdiction are fully capable of deciding issues arising under both California and New York law.") (internal citation and quotation marks omitted). The court thus finds that this factor "do[es] not necessarily favor for or against transfer." Metz, 674 F.Supp.2d at 1148.

The final factor the court considers is docket congestion. "To the extent that court congestion is relevant, the speed with which a case can come to trial and be resolved may be a factor." In re Genentech, Inc., 566 F.3d 1338, 1347 (Fed. Cir. 2009) (citing Gates Learjet Corp. v. Jensen, 743 F.2d 1325, 1337 (9th Cir. 1984), cert. denied, 471 U.S. 1066 (1985)). Defendants do not address this factor at all, (see, generally, Dkt. 13, Motion; Dkt. 20, Reply), and plaintiff only offers an oblique, self-serving statement that the Central District offers the "most efficient judicial resolution of the controversy." (See Dkt. 19, Opp. at 7). In short, the court finds this factor is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-5250 FMO (GJSx) | Date | December 28, 2018 |
|---|---|---|---|
| Title | Maria Solange Ferrarini v. Ipek Irgit, et al. | | |

neutral.

In sum, a consideration of the § 1404(a) convenience factors favors transfer.  Although plaintiff filed the instant action in this District, her choice is afforded considerably less weight because the Central District of California is not her home forum and none of the operative facts occurred here.  Three factors – convenience of the parties, ease of access to evidence, and local interest – weigh heavily in favor of transfer, while none of the remaining factors weigh against transfer.  Given that the balance of factors weighs heavily in favor of transfer, the court will exercise its "broad discretion[,]" Amini Innovation Corp., 497 F.Supp.2d at 1108, to transfer the case to the Southern District of New York.

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1.  Defendants' Motion **(Document No. 13)** is **granted in part** and **denied in part**.  It is granted to the extent that the court will transfer the action.

2.  The Clerk shall transfer this case forthwith to the United States District Court for the Southern District of New York.

3.  All pending motions in this case are hereby denied without prejudice subject to refiling pursuant to the Local Rules of the Southern District of New York.

|  | 00 | : | 00 |
|---|---|---|---|
|  | Initials of Preparer | | vdr |